IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.   ) | |
| ) | CRIM NO. 21-CR-128 |
| SANDRA PARKER, ) | Judge: Mehta |
| ) | |

**MOTION TO MODIFY FOR NEW TRIAL OR
MOTION FOR JUDGMENT OF ACQUITTAL**

COMES NOW counsel for Defendant Sandra Parker and moves for a new trial or for a motion for judgment of acquittal. As reasons therefor, defendant states as follows:

**Introduction**

On February 9, 2023, the trial by jury began against Sandra Parker and her five codefendants: Michael Greene, William Isaacs, Connie Meggs, Bennie Parker (Sandra Parker's husband), and Laura Steele. On February 27, 2023, the government concluded its presentation of evidence and rested its case in chief. At that time, Ms. Parker and her codefendants orally moved for judgment of acquittal. This Honorable Court deferred its ruling at that time. On March 8, 2023, the government concluded its presentation of evidence in rebuttal and again rested, thus concluding the presentation of evidence in the case. Ms. Parker and her

1

codefendants orally renewed their motions for judgment of acquittal, for which the Court again deferred its ruling.

On March 21, 2023, the jury returned its verdict as to Sandra Parker. Ms. Parker was found guilty of the following charges under the Eighth Superseding Indictment: a) Count 1, 18 U.S.C. § 1512(k) - Conspiracy to Obstruct an Official Proceeding; b) Count 2, 18 U.S.C. § 1512(c)(2), 2 - Obstruction of an Official Proceeding and Aiding and Abetting; c) Count 3, 18 U.S.C. § 372 - Conspiracy to Prevent Members of Congress from Discharging their Duties; d) Count 4, 18 U.S.C. § 1362, 2 - Destruction of Government Property; e) Count 5, 18 U.S.C. § 1752 (a)(1) - Entering or Remaining on Restricted Building or Grounds; and f) Count 7, 18 U.S.C. § 231(a)(3), 2 - Obstructing Officers During a Civil Disorder.

The Court ordered the parties to submit any supplemental post-trial briefing by May 17, 2023, which was later extended to May 29, 2023, by consent of the parties. Ms. Parker submits the following in support of her motion for judgment of acquittal as to the counts listed above pursuant to the Federal Rule of Criminal Procedure 29.

**Legal Standard**

Defendant Sandra Parker adopts, and incorporates by reference herein, the legal standards found in co-defendant Connie Meggs' Motion for Judgment of Acquittal or for New Trial (Dkt. No. 933, at 4-6).

**Argument**

At the onset, and in compliance with the court's Omnibus Order for Post-Trial Filings and Sentencing Proceedings (Dkt. 924), Defendant Sandra Parker adopts and incorporates by reference any and all relevant arguments made by his co-defendants in this matter in their pleadings, including but not limited to: 1) Defendant Laura Steele's Motion for New Trial (Dkt. 931); 2) Defendant William Isaac's Motion for New Trial Under Rule 33 (Dkt. 932); 3) Connie Meggs' Motion for Judgment NOV and Motion pursuant to Rule 33 for New Trial (Dkt. 933); 4) Laura Steele's Motion to Set Aside Verdict Rule 29 Motion (Dkt. 935); and 5) Bennie Parker's Motion for Acquittal (Dkt. 938). Defendant Sandra Parker also adopts and incorporates by reference any arguments made in the prior two Oath Keeper trials, referred to informally as the "Rhodes I" and "Rhodes II" trials.

Sandra Parker, along with her husband Bennie Parker, travelled from Ohio with two members of the Oath Keepers, Donovan Crowl and Jessica Watkins. During the government's presentation of evidence, there was no evidence

3

presented that Bennie and Sandra Parker were members of the Oath Keepers. To the contrary, evidence was provided at trial that the Parkers were not part of the membership of the Oath Keepers and their connection to the organization was only based upon their involvement with Jessica Watkins and Donovan Crowl. Indeed, evidence produced at trial suggested that Stewart Rhodes, the leader of the Oath Keepers, did not even know of Sandra and Bennie Parker.

 Furthermore, the government's presentation of evidence showed that there were no written communications between Sandra Parker and any Oath Keeper, including Crowl and Watkins. The linchpin of the government's argument came through the testimony of witness Caleb Berry , which was that the inception of the conspiracy to enter the U.S. Capitol was during a conversation while on the U.S. Capitol Steps. However, Caleb Berry, during his testimony, could not recall the presence of and specific person, including Sandra Parker. Caleb Berry also testified that the "agreement" occurred when Oath Keeper Kelly Meggs indicated that the Oath Keepers were going in the U.S. Capitol to disrupt the electoral count. However, Caleb Berry also testified that none of the other participants were seen to have nodded, agreed, or even acknowledged those statements. Instead, Caleb Berry indicated that the group proceeded into the Capitol without any further discussion. In order to establish a conspiracy to obstruct an official proceeding or conspiracy

to prevent members of congress from discharging their duties, the government would have to prove that Sandra Parker knew and entered into the agreement. Accordingly, as there was no evidence that Sandra Parker knew and/or acknowledged the agreement, the evidence is not sufficient to establish a conspiracy as alleged in the indictment and this court should grant the motion for judgment of acquittal in this matter.

 Furthermore, specifically as to Sandra Parker, video footage was provided at trial that was filmed by Sandra Parker herself. In that video, Ms. Parker is seen to be separated from the group when the alleged conversation occurred. In fact, she is heard carrying on a conversation with another individual while the presumable "discussion" is allegedly occurring. In the video, she is heard carrying a conversation with an individual who is not part of the Oath Keepers group. Accordingly, to suggest that she was part of any discussion or agreement to enter into a conspiracy is contradicted by the evidence presented by the government itself at trial.

 Additionally, as to Ms. Parker's actions within the Capitol, there is no evidence that she committed any other offenses of which she is accused. At no time is she seen destroying any property while outside or inside the Capitol. The Columbus Doors, which were the focus of the destruction of property charge, were

never damaged, or even touched, by Ms. Parker. In fact, the evidence showed that none of the Oath Keepers made any contact with the property. Indeed, in other cases, juries have found other Oath Keepers not guilty of that specific charge. Accordingly, a Motion for Judgment of Acquittal should be granted as to Count 4, Destruction of Property, as there was not any evidence to show that Sandra Parker caused damage to the U.S. Capitol.

    Furthermore, there is no evidence to show that Sandra Parker obstructed officers during a civil disorder. At no time, either in any videos, nor by testimony of any officer, was there any indication that Sandra Parker was causing any obstruction of officers. At best, she is seen in a video several rows behind officers who are stopping individuals from moving forward. She is not seen having any interaction with those, or any, officers. To the contrary, the only evidence other than that video showing what Sandra Parker was doing in the Capitol was providing medical assistance to William Isaacs and following other Oath Keepers as he is being removed from the Capitol. In short, none of Sandra Parker's actions show her obstructing officers or doing anything untoward during her time in the Capitol. Accordingly, this court should the motion for judgment of acquittal, as there was absolutely no evidence presented by the government to show she had obstructed officers.

While attempting to avoid overlapping arguments from other defendants, defendant Sandra Parker would submit that the lack of knowledge of the planning and agreement of January 6 is even further applicable to Sandra Parker. As the evidence adduced at trial showed, Sandra Parker and Bennie Parker were not Oath Keepers. Neither were part of the many Oath Keeper chats and groups referenced in trial. Furthermore, the only communications provided in court that occurred with Oath Keeper members happened with Bennie Parker and not Sandra Parker. Finally, as discussed above, Sandra Parker was not present as part of the alleged impromptu "briefing" on the Capitol steps by Kelly Meggs. Even if the court believes there was a reasonable inference from the testimony, the lack of any evidence of acknowledgement, as indicated by Caleb Berry's testimony describing the circumstances of the conversation, further prevents the ability to find that Sandra Parker entered into an agreement. Accordingly, this court should grant a motion for judgment of acquittal as to the conspiracy counts.

WHEREFORE, Defendant Sandra Parker requests that this motion be granted and that the court grant a new trial or grant a motion for judgment of acquittal.

Respectfully submitted,

SANDRA PARKER

/s/John L. Machado
John L. Machado, Esq.
Bar Number 449961
Attorney for Sandra Parker
Law Office of John Machado
503 D Street NW, Suite 310
Washington, D.C. 20001
Telephone (703)989-0840
Email: johnlmachado@gmail.com

**Certificate of Service**

I hereby certify that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system this 8th day of June, 2023, which will send a notification of such filing (NEF) to the following to all counsel of record.

/s/John L. Machado
John L. Machado, Esq.
Bar Number 449961
Attorney for Sandra Parker
Law Office of John Machado
503 D Street NW, Suite 310
Washington, D.C. 20001
Telephone (703)989-0840
Email: johnlmachado@gmail.com